**Not For Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

---

No. 04-1296

RICHARD DRAYTON NORTH,

Petitioner, Appellant,

v.

JOSEPH F. MCDONOUGH, SHERIFF, PLYMOUTH COUNTY,

Respondent, Appellee.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Edward F. Harrington, Senior U.S. District Judge]

---

Before

Torruella, Circuit Judge,
Stahl, Senior Circuit Judge,
and Howard, Circuit Judge,

---

David J. Nathanson on Memorandum in Support of a Certificate of Appealability for appellant.

---

December 23, 2004

---

**Per Curiam.** Richard North seeks a certificate of appealability (COA) to appeal from the district court's denial of his petition for habeas relief pursuant to 28 U.S.C. § 2254 from a state court conviction on twenty-two indictments for larceny by false pretenses. North seeks a COA to pursue his claims that he was denied counsel or, in the alternative, received ineffective assistance of counsel, in violation of his Sixth Amendment rights. We may grant a COA only if the district court's application of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) to deny habeas relief was "debatable among jurists of reason." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

Under AEDPA, a federal court may grant a state prisoner's application for a writ of habeas corpus if the underlying state adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d). With respect to the "unreasonable application" clause, the focus "is on whether the state court's application of clearly established federal law is objectively unreasonable, and . . . an unreasonable application is different from an incorrect one." Bell v. Cone, 535 U.S. 685, 694 (2002).

I. Constructive Denial of Counsel

In United States v. Cronic, 466 U.S. 648 (1984), the Supreme Court held that there are some circumstances of deficient

representation "that are so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified" and, therefore, prejudice will be presumed. Id. at 658-59. The Court in Bell "reiterated that prejudice may be presumed only in three narrowly circumscribed situations." Ouber v. Guarino, 293 F.3d 19, 33 (1st Cir. 2002).

> First, a trial is presumptively unfair if the accused is completely denied the presence of counsel at a critical stage of the proceedings. Second, such a presumption is warranted if "counsel entirely fails to subject the prosecution's case to meaningful adversarial testing." Third, prejudice may be presumed in the presence of circumstances under which a competent lawyer would likely not be able to render effective assistance.

Id. (citations omitted).

In his memorandum in support of his habeas petition, North argued that the circumstances of his case fell within Cronic's second exception to the prejudice requirement:

> [Defense counsel] completely failed to subject the Commonwealth's case to meaningful adversarial testing by: (1) her complete failure to participate in jury selection, (2) her failure to cross-examine thirty-six of forty-five witnesses (including three of the five complainants, and none of North's employees), and (3) her baseless waiver of an opening statement.

North's Memorandum in Support of Petition for Writ of Habeas Corpus, Dkt No. 11, p. 13. The trial transcript indicates that at each of the identified points in the trial, defense counsel stated that she was not in a position to challenge jurors, make an opening

-3-

statement or cross-examine certain prosecution witnesses because she hadn't been provided with adequate discovery to try the case.

In Bell, the Supreme Court explained that in order to come within Cronic's second exception, "the attorney's failure [to test the prosecutor's case] must be complete." Bell, 535 U.S. at 697. By contrast, an argument that "counsel failed to oppose the prosecution . . . at specific points" is subject to Strickland's performance and prejudice components. Id. at 697-98. The state court in this case supportably found that defense counsel was present throughout the trial, effectively cross-examined key prosecution witnesses and presented to the jury a "defense of good-faith failure to provide a return on investments." Commonwealth v. North, 52 Mass.App.Ct. 603, 614 (2001).[1] On this record, reasonable jurists could not find debatable the district court's conclusion that the state court did not unreasonably apply Cronic in concluding that North's representation did not fall within the second Cronic exception.

II. Ineffective Assistance of Counsel

---

[1] The record also supports the state court's finding that despite counsel's protests that she had not been provided with discovery, "[by] the time trial commenced, the trial judge and other judges had made every reasonable accommodation to insure that counsel and the defendant were prepared," and that "[w]hile trial was ongoing, the judge adjusted the trial schedule repeatedly to accommodate the defendant's review of documents." North, 52 Mass.App.Ct. at 613.

In analyzing North's ineffective assistance claim, the state court applied Commonwealth v. Saferian 366 Mass. 89 (1974), which this court has concluded is "for habeas purposes . . ., a functional equivalent of Strickland." Ouber v. Guarino, 293 F.3d 19, 32 (1st Cir. 2002). "To establish such a violation, Strickland v. Washington, 466 U.S. 668, 687-96 (1984), requires that [defendant] show (1) that [defense counsel's] performance fell below an objective standard of reasonableness and (2) that prejudice resulted." Tejeda v. Dubois, 142 F.3d 18, 22 (1st Cir. 1998). The state court held that North had failed to satisfy either prong of the Strickland test, and the district court found that the state court had reasonably applied Strickland in reaching that conclusion.

Reasonable jurists could not dispute the district court's determination. "Under the applicable constitutional standard, a failure of proof on either prong of the Strickland test defeats an ineffective assistance of counsel claim." United States v. LaBonte, 70 F.3d 1396, 1413-14 (1st Cir. 1995), rev'd on other grounds, 520 U.S. 751 (1997). We focus on the prejudice prong.[2] To satisfy Strickland's second prong, a defendant

---

[2] We therefore need not resolve petitioner's claim that the state court applied a standard contrary to Supreme Court precedent in holding that his acquiescence in his attorney's improper tactics precluded a finding that the first prong of Strickland had been satisfied.

must demonstrate that there was a reasonable probability that but for [his attorney's] errors, the outcome of the trial would have been different. For that purpose a reasonable probability is defined as "a probability sufficient to undermine confidence in the outcome." And in that respect our analysis is not limited to outcome determination - we must also contemplate "whether the result of the proceeding was fundamentally unfair or unreliable."

Tejeda, 142 F.3d at 22.

In his memorandum in support of his habeas petition and in his COA application, North specifically claims that he was prejudiced by his counsel's failure to cross-examine certain witnesses, failure to call other witnesses, and failure to consult an accountant. Having considered those claims and reviewed the state court trial transcript, we conclude that reasonable jurists could not dispute the district court's determination that petitioner failed to make the requisite showing that the state court's prejudice determination was objectively unreasonable.[3]

---

[3] Petitioner's reliance upon Tejeda v. Dubois, 142 F.3d 18 (1st Cir. 1998),is misplaced. As an initial matter, Tejeda filed his habeas petition before the effective date of AEDPA and, therefore, AEDPA's "more stringent limitations on the federal courts' review of state court determinations via habeas proceedings" did not apply and we reviewed his ineffective assistance claim de novo. Id. at 22. Moreover, our review of the record in this case indicates other dissimilarities. We found that Tejeda's counsel "fail[ed] to present a coherent argument" in support of the defense of police fabrication. Id. at 25. We also found that Tejeda's counsel and the trial judge "simply could not tolerate each other" and that their relationship "ruptured completely." Id. at 22. The state court made no such finding with respect to defense counsel's relationship with the trial judge in this case, nor would the trial transcript have supported such a finding.

Petitioner's request for a COA is <u>denied</u> and the appeal is <u>terminated</u>.